UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN DANIEL MURILLO,<br><br>    Plaintiff,<br><br>  v.<br><br>STEVEN SMITH, et al.,<br><br>    Defendants. | Case No. 23-cv-06327-JST<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (ECF No. 8) is now before the Court for review pursuant to 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Complaint**

The complaint names as defendants the following PBSP correctional officers: Officers Weathehel and Billenger, Sergeant Kennison, Warden Robertson, and Associate Warden Barneburg. The complaint also seeks to sue the lieutenant and captain "who were on shift," once Plaintiff identifies them.

The complaint makes the following factual allegations. Plaintiff is a Hispanic inmate born and raised in San Diego. He is at risk from Bulldog inmates from Fresno, California who want to hurt and kill him. Prior to November 2022, there was a conspiracy to integrate documented enemies. This conspiracy went into effect in November 2022 when the Bulldog inmates were integrated with other inmates. Although the prison was placed on modified program prior to the Bulldog inmates' arrival and a weapons search done, upon the Bulldog inmates' arrival, numerous serious assaults on inmates occurred. Despite the assaults, defendants Robertson and Barneburg continue to enforce the "illegal" integration policy. On December 1, 2022, B-Yard was still on lockdown/modified program, with only one cell per tier out at a time, all movement highly controlled, and each inmate group movement kept separate. Defendant Weatherhel was in the control tower, controlling all movement in the building. Despite prison policy forbidding multiple inmates out per tier, Defendant Weatherhel opened Plaintiff's cell door for medical pass while a Bulldog inmate was out on the tier on the phone. At that time, defendant Billenger was in charge of coordinating inmate movement for pill call. When Plaintiff got to the stairs, the Bulldog inmate

got off the phone and attacked Plaintiff.  None of the floor officers stopped the attack.  Defendant Kennison was the first officer to come in yelling orders, and he arrived after the attack was over.  The tower officer may have shot a couple of rounds.  Despite being the victim, defendants Weatherhel and Billenger issued Plaintiff a rules violation report ("RVR") for being in a fight.  The RVR was used against him and resulted in the re-application of a life sentence.  As a result of these events, Plaintiff has had to endure numerous deprivations, such as no access to yard, canteen, rehabilitation, and packages.  These deprivations are used by defendants Robertson and Barneburg as punishment, causing all inmates to lose an average of ten pounds.  ECF No. 8 at 4-8.

The complaint lists the following legal causes of action: (1) conspiracy to deprive Plaintiff of "life, liberty, rights and privileges;" (2) cruel and unusual punishment; (3) fraud, falsifying legal documents; (4) negligence; (5) due process violations; (6) arbitrary and capricious punishments; and (7) violated 15 Cal. Code Regs. § 3000 by failing to ensure Plaintiff's safety and security. ECF No. 8 at 3.

### C. Dismissal with Leave to Amend

The complaint will be dismissed because it suffers from the following deficiencies.

First, the complaint simply lists the legal causes of action as a laundry list.  The complaint fails to identify the federal (or state) statutory or constitutional provision on which the cause of action is founded, and fails to identify which actions or inactions give rise to each legal cause of action. The causes of actions also fail to state cognizable claims for relief because they are vague and conclusory, simply stating "cruel and unusual punishment" or "due process violations" or "life, liberty, rights and privileges."

Second, the complaint's factual allegations are conclusory and unclear.  For example, it is unclear how Plaintiff knows that defendants were engaged in a conspiracy, what Plaintiff means when he refers to integration policy, and how defendants Billenger, Kennison, Robertson, and Barneburg knew that Plaintiff would be attacked.

Third, the facts alleged fail to state an Eighth Amendment claim for deliberate indifference to inmate safety.  The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The failure of

prison officials to protect inmates from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference. *See id.* at 837. According to the complaint, prison officials took measures to protect Plaintiff and other prisoners from assaults by Bulldog inmates, including implementing a modified program and conducting a weapons search; and that the named defendants took measures to stop the attack on Plaintiff by having the tower officer shoot rounds. A general claim that assaults occurred as a result of the integration of inmate populations and a conclusory statement that only administrative segregation of Bulldog inmates would guarantee Plaintiff's safety are insufficient to raise a reasonable inference that any of the named defendants knew that Plaintiff was at substantial risk of serious harm, given the preventive measures that Plaintiff describes.

Fourth, conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). It does not enlarge the nature of the claims asserted by the plaintiff; there must always be an underlying constitutional violation. *Id.* Conspiracy may, however, enlarge the pool of responsible defendants by demonstrating their causal connection to the violation; the fact of the conspiracy may make a party liable for the unconstitutional actions of the party with whom he has conspired. *Id.* Conspiracy in § 1983 actions is usually alleged by plaintiffs in order to draw in private parties who would otherwise not be susceptible to a § 1983 action because of the state action doctrine, or to aid in proving claims against otherwise tenuously connected parties in a complex case. *Id.*

Fifth, there is no supervisory liability under Section 1983. Defendants Robertson and Barneburg cannot be held liable for the December 1, 2022 attack on Plaintiff unless it can be reasonably inferred that defendants Robertson and Barneburg caused the attack. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). There is no Section 1983 liability simply because

defendants Robertson and Barneburg supervised the correctional officials whose inactions allowed for the attack to occur. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondent superior liability, or supervisory liability, under Section 1983, i.e., no liability under theory that one is liable simply because he supervises person who has violated plaintiff's right). Conclusory allegations that a supervisor promulgated unconstitutional policies and procedures which authorized their subordinates' unconstitutional conduct are speculative and do not suffice to state a claim of supervisory liability. *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018).

Sixth, a violation of Title 15 of the California Code of Regulations does not create a private right of action. *See Barrios v. Torres*, No. 1:20-CV-01234-ADA-CDB (PC), 2023 WL 2696657, at *3 (E.D. Cal. Mar. 29, 2023) (collecting cases).

In the interest of justice, the Court GRANTS Plaintiff leave to file an amended complaint to correct the above deficiencies, if he can truthfully do so. In the amended complaint, Plaintiff should briefly list each constitutional violation, when it occurred, what happened (or did not happen), which defendant was involved, and what federal law or federal constitutional provision the action or inaction violated. Plaintiff is encouraged to use the form complaint.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 23-06327 JST (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey*, 693 F.3d at 925. Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of

/ / /

/ / /

this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:  June 17, 2024



_____
JON S. TIGAR
United States District Judge